UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAS.L.K., DAK.L.K., DRA.L.K. and A.D.L.K.,

Plaintiffs,

Case No. 25-cv-739-pp

v.

ZACHARY BRENNER,

Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DKT. NO. 16)**

---

On September 9, 2026, the defendant filed a motion to compel because the plaintiffs never responded to the defendants' March 13, 2026 written interrogatories and requests for production of documents. Dkt. No. 16 at 1. The plaintiff did not respond to the motion to compel and the court will grant the motion.

## I. Defendant's Motion to Compel (Dkt. No. 16)

The defendant's attorney filed an affidavit averring that on September 30, 2025, the plaintiffs had agreed to email service of discovery under Federal Rule of Civil Procedure 5(b)(2)(E). Dkt. No. 16 at 1. On March 13, 2026, the defendant served discovery requests on the plaintiffs (interrogatories, requests for production of documents and requests for admissions). Id.; Dkt. No. 17-3 at 4. On April 27, 2027, the defendant's attorney requested an update. Dkt. No. 17-3 at 3. The plaintiffs' attorney replied with the plaintiffs' responses to the defendant's request for admissions and said he would follow up on the

interrogatories and document requests. Id. On May 18, 2026, the defendant's attorney sent another email because the plaintiffs still had not responded to the defendant's request for documents and interrogatories; the plaintiffs' attorney did not respond. Id. at 2. The defendant's attorney requested further updates on July 7, July 21, August 24 and August 27, 2026. Dkt. Nos. 16 at 2, 17 at 2. Again, the plaintiff's counsel did not respond. Dkt. No. 17 at 2. On July 21, August 24 and August 27, 2026, the defendant's counsel attempted to contact the plaintiffs' counsel by phone; on all three occasions, the plaintiff's counsel's law office informed the defendant's attorney that the plaintiff's counsel could not come to the phone. Id.

The defendant's attorney argues that the plaintiffs' attorney has not responded to interrogatories or the request for production of documents. Id. at 3. He avers that he has diligently attempted to communicate with the plaintiffs' attorney to resolve the dispute, but that the plaintiffs' attorney has not responded to emails or telephone calls. Id. He states that the remaining outstanding discovery never has been provided.

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The responding party has thirty days after service of the request to provide answers, produce documents or raise objections to interrogatories or requests for the production of documents. See Fed. R. Civ. P. 33(b)(2), 34(b)(2). "A party seeking discovery may move for an

order compelling an answer" if the responding party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or fails to respond that inspection will be permitted under Rule 34. Fed. R. Civ. P. 37(a)(3)(iii), (iv).

The court has reviewed the defendant's first set of interrogatories and requests for production of documents, which the defendant's counsel attached to his affidavit. Dkt. No. 17-1. The defendant's attorney has repeatedly requested the responses, which were due on April 12, 2026—almost six months ago. It is concerning that the plaintiff's attorney appears to have instructed his office to state that he is unable to come to the phone and that the plaintiff's counsel makes no attempt to return a call or an email.

The court will grant the defendant's motion to compel. The defendant's attorney has asked the court to compel the responses but has not asked for attorney's fees. The court will order the plaintiffs to respond to the discovery requests within fourteen days. Absent a showing of good cause, the court finds that the plaintiffs have waived their opportunity to raise any substantive concerns with respect to the motion or discovery. See generally Laborers' Int'l Union of N. Am. v. Caruso, 197 F.3d 1195, 1197 (7th Cir. 1999) (declining to consider arguments not presented in response to a motion). Rule 33(b)(4) states that "any ground not stated in a timely objection [to any interrogatory] is waived unless the court, for good cause, excuses the failure." Although Rule 34(b)(4) does not contain the same language, courts in this circuit have held that untimely objections to discovery requests result in a waiver. Sullivan v.

Wolcott Diversey Condominium Ass'n, Case No. 19C3856, 2026 WL 2211368, *2 (N.D. Ill. June 4, 2026) (collecting cases).

## III. Conclusion

The court **GRANTS** the defendant's motion to compel. Dkt. No. 16. The court **ORDERS** that the plaintiffs must serve their responses to the defendant's first set of interrogatories and requests for production of documents by the end of the day on **October 30, 2026**.

If the defendant is seeking attorney fees under Fed. R. Civ. P. 37(a)(5)(A), he must file a motion by the end of the day on **November 6, 2026**. The plaintiffs may respond to any motion for attorney's fees by day's end on **November 27, 2026**. If the defendant chooses to file a reply brief, he must do so by the end of the day on **December 11, 2026**. Under Rule 37(a)(5), fees will be awarded unless the plaintiffs can establish that their nondisclosure was substantially justified or that other circumstances make an award of expenses unjust.

Dated in Milwaukee, Wisconsin this 16th day of October, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**Chief United States District Judge**